IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR E.R.P.,<br><br>        Petitioner,<br><br>    vs.<br><br>WARDEN, *et al.*,<br><br>        Respondents. | Civil No. 1:26-cv-03112-MWJS<br>ORDER GRANTING PETITION FOR<br>WRIT OF HABEAS CORPUS<br><br>A# 208-370-884 |

### ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Oscar E.R.P.[1]  is an immigration detainee proceeding with a petition

for a writ of habeas corpus under 28 U.S.C. § 2241 (the "petition"), Dkt. No. 1.

For eleven years, Petitioner has lived in the United States, having first entered in

2015.  Dkt. No. 1, at pg. 2.  Since then, he has built a stable work history in construction,

become the sole provider for his wife and young children, and pursued coursework in

language arts, biology, peer counseling, and English.  Dkt. No. 12, at pgs. 1-2.  He has

had a pending asylum application since 2016.  Dkt. No. 1-2.  Given his ties to the

community and his family, he contends he is not a flight risk.  *Id*.  And given his lack of

---

[1]      For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

any criminal history, he contends he is not a danger to the community. *Id.* Nothing in the record contradicts his contentions. Nor does the government dispute them.

But on March 22, 2026, Petitioner was apprehended by ICE while driving to his workplace in Florida and transferred into ICE custody, where he has remained since. Dkt. No. 12, at pg. 1. Respondents concede Petitioner was previously released in the discretion of DHS, Dkt. No. 6, at pg. 2, which means that the government at some point in the past determined he was neither a flight risk nor a danger to the community. But the government afforded Petitioner no process before it changed its view and detained him. Indeed, nothing in the record suggests that there is a factual basis for the government's changed view.

So Petitioner now invokes this court's habeas jurisdiction, contending, among other things, that his continued detention is unlawful and that the court should order his immediate release.

Believing this case would benefit from the appointment of counsel, the court ordered counsel be appointed to Petitioner. Dkt. No. 5. While appointment was pending, Respondents filed their opposition to Petitioner's habeas petition. Dkt. No. 6. In it, Respondents maintain that Petitioner's detention is lawful under 8 U.S.C. § 1225(b)(2), and that he is ineligible for a bond hearing. *Id.* at pgs. 1-2. Apart from this statutory argument for Petitioner's mandatory detention, Respondents do not suggest there is any factual basis to find that Petitioner has somehow become a flight risk or

danger to the community.  Nor do Respondents dispute that Petitioner was given no process before he was taken into custody.  And Respondents do not suggest there was any exigency or urgency that reasonably prevented them from providing process before Petitioner was deprived of his liberty.

This court and many others have granted relief in cases analogous to this one. *See, e.g., Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:25-cv-02821-MWJS, 2026 WL 1049713 (E.D. Cal. Apr. 17, 2026); *A.J.S.M.P., v. Mullin*, No. 1:26-CV-03163-MWJS, 2026 WL 1190220 (E.D. Cal. Apr. 29, 2026); *Jose C.L.L., Petitioner, v. Chestnut*, et al., No. 1:26-CV-03453-MWJS, 2026 WL 1275305 (E.D. Cal. May 7, 2026); *Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025).  The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

And the court finds no factual or legal distinction that would warrant a result different from the prior orders it has found persuasive in this context.  Accordingly, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED.  Respondents are ORDERED to immediately release Petitioner Petitioner Oscar E.R.P. (A# 208-370-884) from their custody.  Respondents shall not impose any

additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED:  June 12, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-03112-MWJS; *Oscar E.R.P. v. Warden, et al.*; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS